■ In the Matter of ROBERT L. MILLER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on December 11, 1969 and maintains an office for the practice of law in Elmira, Chemung County, and Waverly, Tioga County. In this proceeding to discipline him for professional misconduct, petitioner moves to confirm the report of the hearing Judge which, based upon respondent's admissions, sustained five charges, finding that respondent failed to promptly notify his client, Joseph M. Bush, of the receipt of a settlement draft; authorized his office staff to indorse his client's signature to the draft without his knowledge or consent; misled his client as to the status of his claim and the receipt of the settlement moneys and temporarily converted, between July 23, 1976 and July 12, 1977, his client's share ($7,178.85) of the settlement draft (Charges Nos. 1, 2, 3); failed to properly maintain a bank account solely for the deposit of clients' funds (Charge No. 4); and temporarily converted the funds of four other clients between February 22, 1977 and April 15, 1977. The motion to confirm is granted. In determining an appropriate sanction for respondent's misconduct, we note in mitigation that he repaid in full all of the moneys he had converted by August, 1977, which was some four years prior to the filing of the petition of charges in this proceeding; that none of his clients made any complaint and the charges resulted from a communication initially made to the State Police by his former secretary-bookkeeper following her conviction in January, 1979 of the crime of grand larceny arising from her embezzlement of more than $30,000 from respondent's personal and business accounts between 1975 and 1977; that he thereafter revised his bookkeeping methods and his practice with regard to the segregation of clients' funds; that he co-operated fully with petitioner during the course of its investigation, candidly admitting his misconduct and is genuinely contrite; and that his record as a member of the Bar, which includes serving as the Public Defender of Tioga County for the past eight and one-half years, is otherwise unblemished. In addition, we note the excellent character references submitted on respondent's behalf by individuals, public officials, fellow attorneys and past and present members of the judiciary. While we cannot condone respondent's actions, upon consideration of the mitigating circumstances and the fact that we are persuaded that the public will not be jeopardized in the future by respondent, we determine that the ends of justice will be adequately served in this instance by his suspension from the practice of law for a period of three months. Respondent suspended for a period of three months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Sweeney, Kane, Main and Weiss, JJ., concur.